UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-CR-60281-MOORE

UNITED STATES OF AMERICA

vs.

BAKARI JAHIEM DIXSON,

        **Defendant.**
_____/

## ORDER GRANTING GOVERNMENT'S MOTION IN LIMINE

THIS CAUSE is before the Court on the United States' Notice of Intent to Introduce Relevant, Inextricably Intertwined and Alternatively, 404(B) Evidence.  [DE 44].  Although styled as a "Notice" of its intent to introduce certain evidence at trial, the Government concludes its filing by "request[ing] that the Court enter an Order admitting the evidence sought as inextricably intertwined evidence, or in the alternative, admissible as 404(b) evidence" and docketed the Notice as a "Motion in Limine."  The Court therefore construes the Notice as a motion in limine (and refers to it as "the Motion").  The Honorable K. Michael Moore has referred all pretrial motions in this case to me.  [DE 25].

Due to the impending trial in this case, on February 19, 2026, I ordered the Defendant to file a response by February 26, 2026.  [DE 46].  However, although the Motion indicated that the Defendant opposes the relief sought, [DE 44] at 11, the Defendant has not filed a response. Therefore, the Motion could be granted by default.  *See* S.D. Fla. L.R. 7.1(c) (explaining that failure to file a timely response "may be deemed sufficient cause for granting the motion by default").  However, even having considered the merits of the Motion, the Motion is due to be **GRANTED**.

## BACKGROUND

The Defendant is charged with Kidnapping (Count 1), Carjacking (Count 2), and Brandishing a Firearm During a Crime of Violence (Count 3), in violation of Title 18, United States Code, Sections 1201(a)(1), 2119(1), and 924(c)(1)(A)(ii), respectively. According to the Motion, the Defendant hired an individual (identified in the Motion as "Victim 1") as a chauffeur for the night of August 2, 2025, and into the early morning hours of August 3, 2025. After several hours of driving to various locations, the Defendant had Victim 1 drive him to a duplex in Fort Lauderdale and asked Victim 1 to wait there. Victim 1 parked across the street from the duplex. About an hour later, Victim 1 heard some commotion and texted the Defendant. About 45 minutes later, the Defendant contacted Victim 1, asked Victim 1 to remain there, and said he would be out shortly. A short time later, Victim 1 saw the Defendant exit a blue Nissan a few feet away from where Victim 1 was. Victim 1 saw the Defendant arguing with a female, who then pepper sprayed the Defendant. Victim 1 then saw the Defendant shoot the female and immediately walk to Victim 1's vehicle. Victim 1 was startled by the gunshot and returned to his vehicle. Inside the vehicle, the Defendant brandished a firearm and ordered Victim 1 "to drive or be killed." Victim 1 complied, dropped the Defendant off at the location where he originally picked the Defendant up, and called 911.

The Motion further proffers that two women — "D.L." and "Witness 1" — were at a party at the duplex. D.L. told Witness 1 that she recognized the Defendant from Instagram and showed Witness 1 an Instagram account purported to belong to the Defendant. The Defendant approached D.L. and asked if she was someone he followed on Instagram. The Defendant and D.L. had a conversation. Eventually, D.L. and Witness 1 walked toward the exit of the duplex, and the Defendant followed. He asked D.L. for a ride home several times, but D.L. declined.

The Defendant ultimately followed them to D.L.'s car, where the Defendant got in uninvited. When told to get out of the car, the Defendant brandished a firearm and threatened to slap D.L. and others. D.L. and Witness 1 exited the vehicle, as did the Defendant. They continued to argue, with the Defendant gesturing to slap Witness 1. D.L. confronted and then pepper sprayed the Defendant. Witness 1 then saw Defendant shoot D.L. and then enter a black SUV across the street. When later speaking to police, Witness 1 showed them the Instagram account D.L. had looked up earlier as well as a Reddit post Witness 1 had found when searching the Defendant's Instagram name. The Reddit post listed the Defendant's name and a date of birth.

The Government seeks to admit two categories of evidence through its Motion:

1. "Testimony regarding the Defendant's identification to include Instagram photos, and a Reddit post containing personal identifying information of the Defendant;" and

2. "Video surveillance and witness testimony regarding the Defendant's brandishing and discharge of a firearm, resulting in the shooting of D.L., or gunshot victim."

[DE 44] at 8.

## ANALYSIS

The evidence at issue is all aimed at proving that the Defendant shot D.L. Although it is evidence of criminal activity other than the kidnapping, carjacking, and use of a firearm with which he is charged here, it is inextricably intertwined with the evidence of the charged offenses and is necessary to complete the story of the charged offenses. Therefore, it should be admitted.[1]

---

[1] To be clear, I find only that this evidence is relevant to proving the charged offenses and should not be precluded as "other act evidence" under Federal Rule of Evidence 404. I do not make any other finding about the evidence's admissibility, including whether it constitutes hearsay or may be subject to any other objection. Furthermore, because I find that the evidence is inextricably intertwined with the charged offenses, I do not consider the Government's alternative argument that it is admissible under Rule 404(b).

"[E]vidence of criminal activity other than the charged offense is not 'extrinsic' under Rule 404(b), and thus falls outside the scope of the Rule, when it is '(1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense.'" *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (citations omitted). The Eleventh Circuit has long held that

> Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.

*United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985) (citing *United States v. Mills*, 704 F.2d 1553, 1559 (11th Cir. 1983)). *See also United States v. Leichtman*, 742 F.2d 598 (11th Cir. 1984) (evidence of marijuana transaction and threats to take marijuana by force were inextricably intertwined with charged kidnapping conspiracy because it explained kidnapping defendants' motive and explained victims' acquiescence).

Here, evidence that the Defendant shot D.L. explains the context of the crimes charged, is linked in time and circumstances with the crimes charged, forms an integral and natural part of an account of the crime, and is necessary to complete the story of the crime for the jury. First, the shooting is linked in time and circumstance to the crimes charged as it occurred a minute before (and seemingly only a few feet from) the acts that constitute the alleged kidnapping, carjacking, and firearm use charged here. Second, evidence that the Defendant committed the shooting provides context for, and a natural part of an account of, the charged offenses. And it is necessary to complete the story of the crime. Specifically, it potentially provides a natural explanation for the behavior of

both Victim 1 and the Defendant (at least under the Government's theory of the case). According to the Government's proffer, Victim 1 started the evening as a hired chauffeur voluntarily driving the Defendant in exchange for payment but ended it as a fearful victim compelled to drive the Defendant under threat of force. Evidence that Victim 1 saw the Defendant shoot D.L. – and testimony from other witnesses or video surveillance corroborating Victim 1's observations – potentially explains why Victim 1 was suddenly afraid of the Defendant and no longer willing to drive him voluntarily. It also provides context for why the words the Defendant allegedly spoke in the car (to the effect that Victim 1 must drive or be killed) would be taken seriously and make an ordinary person fear bodily harm. Evidence that the Defendant had just shot D.L. following an argument and altercation would similarly explain why the Defendant might have been so eager to leave the scene that he was willing to threaten Victim 1 and compel Victim 1 to drive him even if Victim 1 did not want to. In other words, evidence that the Defendant shot D.L. is necessary to complete the story of the crime.

This context is also central to the elements of the charged offenses. In order for the Government to prove the carjacking offense, it must demonstrate, among other things, that the Defendant took Victim 1's vehicle by force, violence, or intimidation. 18 U.S.C. § 2119. In order to prove the kidnapping offense, it must demonstrate, among other things, that the Defendant meant to forcibly confine Victim 1 against his will. 18 U.S.C. § 1201(a). Again, whether the Defendant shot D.L. moments earlier is clearly relevant to – and forms a natural part of the story about – whether Victim 1 was voluntarily driving the Defendant thereafter or whether and why the Defendant felt the need to use force or intimidation to compel Victim 1 to drive.

To be sure, given the violent nature of the uncharged shooting, there is some risk that evidence of the shooting would cause unfair prejudice to the Defendant or cause confusion of the issues. *See* Fed. R. Evid. 403. Indeed, the Government seemingly acknowledges this risk but argues that the evidence is still admissible and that a well-crafted limiting instruction would mitigate that risk. [DE 44] at 10. I agree. Although there is some risk of unfair prejudice or confusion, this risk does not substantially outweigh the probative value of this evidence. Indeed, as described above, the evidence of the shooting is particularly probative of key elements of the offenses. Rather than excluding the evidence, to address the risk of any unfair prejudice or confusion, the parties can propose a limiting instruction that makes clear to the jury the limited purpose for which they may consider evidence of the shooting. Moreover, since the Government has not specified how many witnesses it intends to call about the shooting or how extensive their testimony regarding the shooting will be, the Court can address whether the Government's evidence becomes unnecessarily cumulative or otherwise verges into the realm of unfair prejudice as the evidence is presented.

For the foregoing reasons, it is ORDERED AND ADJUDGED that the Motion [DE 44] is **GRANTED.**

DONE AND ORDERED at Fort Lauderdale, Florida, this 27th day of February, 2026.

*[signature]*
JARED M. STRAUSS
UNITED STATES MAGISTRATE JUDGE